# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 03/10/2020 12:35 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
20STCV09623
Case 2:20-cv-03487-AB-MRW   Document 1-1   Filed 04/15/20   Page 2 of 21   Page ID #:7
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Mel Red Recana

Jihad M. Smaili, Esq. [262219]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| CARMEN GUILLEN, an individual; <br><br> Plaintiff, <br><br> v. <br><br> MOLINA HEALTHCARE, INC., a corporate entity form unknown;  and DOES 1-50, inclusive, <br><br> Defendants. | Case No.: 20STCV09623 <br> Assigned for all purposes to the <br><br> **COMPLAINT:** <br> 1. Discrimination in Violation of Gov. Code §12940 *et seq.* <br> 2. Age Discrimination in Violation of Gov. Code §12940 *et seq.* <br> 3. Failure to Accommodate in Violation of Gov. Code § 12940(m) <br> 4. Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n) <br> 5. Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k) <br> 6. Retaliation in Violation of Gov. Code §12940(h) <br> 7. Wrongful Termination <br> 8. Violation of Business & Professions Code § 17200 *et seq.* <br><br> **DEMAND FOR JURY TRIAL** <br> **UNLIMITED JURISDICTION** |

COMPLAINT

1

Plaintiff Carmen Guillen (hereinafter "Plaintiff" and/or "Guillen") alleges as follows:

**THE PARTIES**

1.     At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant Molina Healthcare, Inc. ("Molina"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of Los Angeles.  Plaintiff is further informed and believes and thereon alleges that Molina was transacting business in the County of Orange, State of California, at the time claims of Plaintiff arose.  At all times relevant, Molina was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of age, race, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4.     Each reference in this complaint to "Defendant" and/or "Defendants" refers to Molina, and also refers to all Defendants sued under fictitious names, jointly and severally.

5.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.   Plaintiff is further informed and believes and thereon alleges that

Smith & Associates, P.C.

COMPLAINT

2

Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint. Likewise, Defendants, and each of them are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

6.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

7.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injures and/or damages alleged in this Complaint. Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, approved of condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint. Likewise, Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

8.     Plaintiff is informed and believes and thereon alleges that at all actions alleged herein committed by Defendants were committed by managing agents of Defendants, or, such conduct was known by and/or ratified by managing agents of Defendants.

///

///

## VENUE AND JURISDICTION

9.     Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of Long Beach, California, and, all of the claims and causes of action alleged herein occurred and accrued in the County of Los Angeles, State of California.

## FACTUAL BACKGROUND

10.     On or about April 3, 2006, Plaintiff was hired by Defendant as a Registered Nurse/Nurse Adviser. Plaintiff's job duties included, but were not limited to, via phone evaluating patient symptoms and directing patients to appropriate care. Plaintiff was paid $47.56 per hour and worked fulltime.

11.     Plaintiff was a good employee by any standard. She was employed by Defendant for approximately 13 years and always received excellent reviews.

12.     On or about September 5, 2017, Plaintiff began to notice work-related pain in both hands. As a part of Plaintiff's job, she typed 10 hours per day and 4 days per week resulting in severe bilateral carpal tunnel syndrome.

13.     After Plaintiff reported her work-related injury to "Namuna," a Defendant manager, she requested a reasonable accommodation in the form of a transfer to the Ohio line. Plaintiff requested this transfer because the Ohio line had a smaller call volume. Namuna refused. Further, despite learning of Plaintiff's work-related pain, Namuna and Defendant failed to engage her in a good faith interactive process and failed to accommodate her.

14.     Subsequently and in retaliation for her complaints about work-related pain, Plaintiff was forced to transfer from her 3 p.m.-1:30 a.m. shift to a 7 p.m.-5:30 a.m. shift. When Plaintiff requested a transfer back to her regular shift, citing health concerns, Defendant refused. Further, Defendant again failed to engage Plaintiff in a good faith interactive process and failed to accommodate her.

15.   Because of the work-related pain Plaintiff was experiencing and Defendant's failure to accommodate to her, Plaintiff began to call off work. Plaintiff called off work at least twice a week due to the severe work-related pain she was experiencing. However, Defendant continued to do nothing.

16.   On or about February 15, 2018, Plaintiff again complained to her employer about work-related hand pain caused by carpal tunnel and was sent to CareOnSite, a medical clinic in Long Beach, CA, by her employer.

17.   On or about March 8, 2018, Plaintiff was put off work by her treating physician due to the severity of her carpal tunnel syndrome.

18.   On or about March 27, 2019, Plaintiff was terminated by Defendant for allegedly not submitting an FMLA form. Plaintiff is informed and believes that she was terminated on the basis of her disability, carpal tunnel syndrome.

19.   Upon information and belief, Plaintiff was discriminated against, harassed, retaliated against and ultimately terminated for reporting a work-related injury, for requesting CFRA/FMLA leave and age. Further, Defendant refused to engage in a good-faith interactive process and refused to offer any accommodation.

20.   Before filing this lawsuit, Plaintiff exhausted her administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue notice, dated October 18, 2019.

## FIRST CAUSE OF ACTION

### DISCRIMINATION IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE § 12940 *ET SEQ.*

#### (Against All Defendants)

21.   Plaintiff refers to all allegations contained in paragraphs 1-20, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

22.   California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and

which includes even the perception that a person has a medical or mental condition and/or physical condition or disability. FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics.

23. Plaintiff is 52 years of age and has a disability as alleged above.

24. Defendant was aware of Plaintiff's disability, as herein alleged, because Plaintiff specifically reported said disability directly to Defendant via Defendant's supervisors and managing agents.

25. At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job.

26. Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's disability, Defendant refused to engage Plaintiff in an interactive process, refused to communicate with Plaintiff, refused to accommodate Plaintiff's medical restrictions, denied Plaintiff opportunity for advancement, promotion and the ability to earn a living, and terminated Plaintiff.

27. Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's disability in violation of FEHA, and particularly *Gov't Code* §12940(a).

28. As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct, all in an amount subject to proof at the time of trial, but believed to be no less than three hundred thousand dollars.

29. As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an

amount subject to proof at trial.

30.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

31.     Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

32.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

33.     Plaintiff is informed and believes and thereon alleges that her disability was a motivating factor in the decision of Defendant to discriminate against her and terminate her.

34.     The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

35.     The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

36.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

///

---

**SECOND CAUSE OF ACTION**

**AGE DISCRIMINATION**

**IN VIOLATION OF GOV. CODE § 12940 ET SEQ.**

**(Against all Defendants)**

37. Plaintiff refers to all allegations contained in paragraphs 1-36, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

38. At all times herein mentioned, Gov't Code §§12940(a) and 12941 were in full force and effect and were binding on Defendant.  These sections require Defendant to refrain from discriminating against any employee over the age of 40 because of their age.

39. At the time of Plaintiff's injury and at the time of Plaintiff's termination, and at all times that Defendant was discriminating against Plaintiff as alleged herein, Plaintiff was over the age of 40.  Plaintiff is informed and believes and thereon alleges that after years of wholly satisfactory, competent and diligent performance to the profit of Defendants, that Plaintiff's age, being over 40, was a motivating factor in Defendants' decision to terminate Plaintiff's employment. Said conduct by Defendants was intentional and willful.

40. Plaintiff is informed and believes and thereon alleges that Plaintiff was replaced with an employee below the age of 40.

41. Defendant was aware of Plaintiff's age, as herein alleged, because Plaintiff maintained Plaintiff's personnel file which specifically contained the date of Plaintiff's birth and his corresponding age.

42. At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

43. Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's age, Defendant decided to terminate Plaintiff's employment, and in fact, did terminate Plaintiff's employment.

44. Defendants' discriminatory action against Plaintiff, as alleged above,

COMPLAINT

8

constitutes unlawful discrimination in employment on account of Plaintiff's age in violation of FEHA, and particularly Gov't Code §12940.

45.    As a direct, foreseeable, and proximate result of Defendants' discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount subject to proof at the time of trial.

46.    As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

47.    Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

48.    Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

49.    Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees over the age of 40.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

50.    The outrageous conduct of Defendant, and each of them was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

51.    Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't Code §12900 et seq.

**THIRD CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE § 12940(m)**

**(Against All Defendants)**

52.    Plaintiff refers to all allegations contained in paragraphs 1-51, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

53.    Plaintiff has a disability as alleged above.

54.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

55.    Defendant failed and refused to accommodate Plaintiff's needs, and, failed and refused to engage in an interactive process with Plaintiff, and, failed to address Plaintiff's needs in light of her disabilities.

56.    At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

57.    Defendant's failure to accommodate Plaintiff, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

58.    As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct,

Small & Associates, P.C.

in an amount of at least three hundred thousand dollars, all subject to proof at the time of trial.

59.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

60.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

61.     Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

62.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

63.     Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against her and ultimately terminate her.

64.     The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

65.     The conduct of Defendant as alleged hereinabove was done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under California law.

COMPLAINT

11

1    As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

2    66.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

3    amount according to proof at the time of trial which fees and expenses are recoverable

4    pursuant to *Gov't Code* §12900 *et seq.*

5    **FOURTH CAUSE OF ACTION**

6    **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN**

7    **VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)**

8    **(Against All Defendants)**

9    67.    Plaintiff refers to all allegations contained in paragraphs 1-66, inclusive and

10   by such reference incorporates the same herein as though fully realleged in detail.

11   68.    Plaintiff has a disability as alleged above.

12   69.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

13   70.    Defendant failed and refused to engage Plaintiff in an interactive process

14   designed to unite Plaintiff with her job.

15   71.    At all times herein alleged, Plaintiff was qualified for the position of

16   employment that she held with Defendant and was able to perform the essential functions

17   of that job if such reasonable accommodation had been made by Defendant.  At no time

18   would the performance of the functions of the employment position, with a reasonable

19   accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other

20   person's health or safety, nor would it have created an undue hardship to the operation of

21   Defendant's business.

22   72.    Defendant's failure to engage with Plaintiff in an interactive process, as

23   alleged above, constitutes unlawful conduct in employment in violation of FEHA, and

24   particularly *Gov't Code* §12940.

25   73.    As a direct, foreseeable, and proximate result of Defendant's wrongful

26   conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has

27   suffered the loss of wages, salary, benefits, the potential for advancement, and additional

28   amounts of money Plaintiff would have received but for Defendant's wrongful conduct,

Smith & Associates, P.C.

COMPLAINT

12

all in an amount no less than three hundred thousand dollars, subject to proof at the time of trial.

74.    As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

75.    Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

76.    Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

77.    Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

78.    Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against her and ultimately terminate her.

79.    The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

80.    The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

81.   Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION

### OF CALIFORNIA GOVERNMENT CODE § 12940(k)

### (Against All Defendants)

82.   Plaintiff refers to all allegations contained in paragraphs 1-81, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

83.   During the course of employment, Defendant, and each of them, failed to prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis of her disability and participation in protected conduct in violation of *Government Code* §12940(k).

84.   As a direct result of the wrongful conduct of Defendant, Plaintiff suffered, and continues to suffer, substantial losses in earnings and other benefits in an amount according to proof at the time trial, including special and general damages.

85.   As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, substantial losses in salary, bonuses, job benefits, and other employment benefits which she would have received all to her damage in a sum within the jurisdiction of the Court to be ascertained according to proof.

86.   Plaintiff is informed and believes and thereon alleges that the outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Plaintiff's supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

87.   As a proximate result of the wrongful conduct of Defendant, and each of

them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish according to proof at the time of trial.

88.    These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.   The conduct of Defendant alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

89.    Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

**SIXTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE §12940(h)**

**(Against All Defendants)**

90.    Plaintiff refers to all allegations contained in paragraphs 1-89, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

91.    At all times herein mentioned, FEHA, *Government Code* §12940(h), was in full force and effect and was binding on Defendant.  This statute requires Defendant to refrain from retaliating against Plaintiff.

92.    Plaintiff is informed and believes and thereon alleges that as a consequence of lodging complaints with Defendants about the harassing and discriminatory acts being committed against Plaintiff, coupled with Plaintiff's disability sustained while on-the-job for which workers compensation coverage was required along with reasonable accommodation, Defendant took retaliatory action against Plaintiff by failing to conduct a good faith interactive process aimed at reuniting Plaintiff with her  job, failing to determine the essential functions of Plaintiff's job, mistreat Plaintiff, and deny Plaintiff advancement and promotion.

93.    Defendant unlawfully retaliated against Plaintiff after she engaged in protected activity after being injured on the job, such as without limitation, filing or

intending to file for workers' compensation benefits due to safety concerns and requesting accommodation, and, lodging workplace complaints related to the harassment and discrimination that she was facing, and other complaints of a hostile and unsafe working environment.

94.    As a proximate result of Defendant's willful, knowing, and intentional conduct against Plaintiff, she has sustained and continues to sustain substantial losses in her earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and sleep dysfunction, all to her damage in a sum according to proof.

95.    These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.  In light of Defendant's willful, knowing, and intentional discrimination against Plaintiff which culminated in her discharge, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

96.    Plaintiff has incurred and continues to incur legal expenses and attorney fees.  Plaintiff is presently unaware of the precise amount of said expenses and fees and prays leave of court to amend this Complaint when said amounts are more fully known.

## SEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION

### (Against All Defendants)

97.    Plaintiff refers to all allegations contained in paragraphs 1-96, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

98.    Plaintiff informed Defendants that she suffered from disabilities.  Further, Defendants were aware of Plaintiff's requests for accommodation and complaints about her workplace environment.  Defendants were also aware that Plaintiff filed a worker's compensation claim and sought medical treatment pursuant to the same.

99.    *Labor Code* §232.5 makes it illegal for an employer to prohibit an employee from discussing their working conditions.

100.   *Labor Code* §6310 protects an employee's right to complain of unsafe working conditions.

101.   *Labor Code* §6400 requires employers to provide a work environment that is safe for its employees.

102.   *Gov't Code* §12940 et seq., prohibits forms of discrimination against protected classes of employees.

103.   Defendant wrongfully terminated Plaintiff in violation of a substantial and fundamental public policy in that a determining and motivating factor in Defendants' decision to terminate Plaintiff was the desire to retaliate against her because:  (i) she had a disability and work restrictions, (ii) she requested and required reasonable accommodation, (iii) she required an interactive process, (iv) she filed a claim for worker's compensation, and (v) she lodged complaints.

104.   Plaintiff is informed and believes and thereon alleges that these factors made up Defendants decision to terminate Plaintiff and/or played an important and integral role in said decision.  Such discrimination was in violation of the public policy of the State of California and resulted in damage and injury to Plaintiff as alleged herein.

105.   As a proximate result of Defendants willful, knowing, and intentional discrimination and retaliation against Plaintiff, she has sustained and continues to sustain substantial losses in her earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and loss of sleep/sleep dysfunction, all to her damage in a sum according to proof.

106.   In light of Defendants willful, knowing, and intentional discrimination against Plaintiff which resulted in her wrongful termination, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.*

### (Against All Defendants)

107.   Plaintiff refers to all allegations contained in paragraphs 1-106 inclusive,

Smaili & Associates, P.C.

and by such reference incorporates the same herein as though fully realleged in detail.

108.    Defendant, and each of them, have engaged in unfair and unlawful business practices as set forth above.

109.    Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.

110.    By engaging in the above-described acts and practices, Defendant, and each of them, have committed one or more acts of unfair, unlawful or fraudulent competition within the meaning of Business & Professions Code §17200 *et seq.*

111.    Defendant, and each of them, have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendant, and each of them, have acted contrary to public policies and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

112.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property in the form of wages and benefits that she would have received as an employee of Defendant, and each of them.

113.    Plaintiff seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.    For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than three hundred thousand dollars;

2. For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties alleged in this Complaint;

4. For pre-judgment and post-judgment interest, according to proof;

5. For punitive and exemplary damages, according to proof;

6. For attorneys' fees, according to proof and statute;

7. For costs of suit incurred herein;

8. For such other relief and the Court may deem just and proper.

Dated: March 10, 2020                    **SMAILI & ASSOCIATES, P.C.**

By: */s/ Jihad M. Smaili*

Jihad M. Smaili, Esq.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: March 10, 2020               **SMAILI & ASSOCIATES, P.C.**


By:  _/s/ Jihad M. Smaili_
         Jihad M. Smaili, Esq.
         Attorneys for Plaintiff